IN THE MATTER OF WALLACE H. HARPER.
No. 10517
Submitted October 16, 1962. Decided February 18, 1963.
380 P.2d 663.

Wallace H. Harper, Lewistown, pro se.
Forrest H. Anderson, Atty. Gen., of Montana.

PER CURIAM.

On October 16, 1962, the Attorney General filed in this Court a complaint, wherein it was alleged that Wallace H. Harper, a duly licensed and practicing attorney-at-law in Lewistown, Montana, had, without authorization and contrary to provisions in a Will, appropriated and expended estate funds for his own use and benefit. The prayer requested a summons to issue requiring the said Wallace H. Harper to appear before this Court and show cause why he should not be disciplined for his conduct. Summons was issued and served on Harper.

On November 7, 1962, an answer and reply was filed by Harper pro se.

On November 21, 1962, this Court set a hearing to be had for December 5, 1962. The date for hearing was vacated at the request of Harper, and on January 18, 1963, this Court again made an order setting a date for hearing for 2:00 p.m. on February 13, 1963. On that date Harper appeared. He re-

ferred to his written statement for the facts and had nothing further to offer.

Prior to the above formal proceedings, this Court appointed a special counsel to investigate complaints in matters alleging irregular and illegal handling of certain estate funds by Wallace H. Harper. A complete investigation was conducted, which investigation included an examination of probate files in Fergus County. The investigation also included a signed question and answer statement by Mr. Harper. As a result of the investigative report, the Attorney General filed the above-mentioned complaint.

The facts and circumstances revealed by the investigative report and Harper's own statement are briefly these:

A different attorney probating an estate discovered that the estate was entitled to money distributed in the estate of Nellie Ensley to the estate of Cy Young Bryant and thereafter distributed to the estate of Blanche Bryant.

Mr. Harper was attorney and executor, without bond, for the estate of Nellie Ensley and was attorney and apparently acting administrator with the will annexed (without court authority) of the estate of Cy Young Bryant. A different attorney acted for the estate of Blanche Bryant. After the discovery mentioned above, this counselor required Harper to account by court order. Harper accounted for the Nellie Ensley estate, resulting in final distribution to the estate of Cy Young Bryant of $11,221.96. This amount was never deposited in the estate account, only the amount of $6,852.11 was deposited. The distribution of the Ensley amount was not accounted for in the Cy Young Bryant estate. After being required to account, Harper turned over to the Blanche Bryant estate the sum of $4,412.35 leaving a shortage of $6,809.61 due from him as executor of Nellie Ensley.

Harper drew the will of Nellie Ensley. The will provided, in effect, $50 bequests to two sisters and the residue to Cy Young Bryant, provided that if Cy Young Bryant did not sur-

vive her, one-half was to go to a gospel mission and one-half to Harper. Harper was named executor without bond. Nellie Ensley died on October 23, 1959.

Harper prepared, on November 20, 1959, a will for Cy Young Bryant, the named legatee in the Ensley will, which will bequeathed the personal and real property to his wife with a remainder over to his five children. Mrs. Bryant was named executrix. Cy Young Bryant died on December 29, 1959, two months after Nellie Ensley. The widow was appointed executrix and Harper was the attorney. The executrix died on October 17, 1960. No final account of the deceased executrix was ever filed, nor was a successor administrator with the will annexed appointed. Instead, Harper simply proceeded with the administration of that estate in his own name as attorney for the estate.

It was when Blanche Bryant's estate, the above-mentioned executrix, was being probated by another lawyer that the above-mentioned items were discovered and finally brought to account.

Harper, in his answer and reply herein, admits the defalcation but attempts to justify or excuse it. He admits to having taken the money for his own use and even as having spent it. He did not deposit or transfer the sum of $4,412.35 until he was required to do so. As his excuse, he tells this story, in which we leave out some minor details to protect other innocent parties.

According to Harper, Miss Ensley *verbally* told him during her lifetime that she did not want any of her money to go to Mrs. Bryant or the children. (The will was never changed.) Then Harper relates that Cy Young Bryant, a week before his death, *verbally* told Harper he did not want Miss Ensley's money to go to his (Bryants' wife and children, but rather that Harper should "take it". Harper's excuse is based on this alleged statement of Cy Bryant's that he, Harper, should "take it". He did so until he was forced to account.

We shall not dwell on a discussion of this incredible story,

nor do we accept it as an excuse. We shall take it as it is, a deliberate unlawful appropriation of funds. Even accepting Harper's excuse as true, it reveals conduct of an attorney-at-law that will not be condoned. Our responsibility to the public and the Bar is crystal clear.

But one thing more needs be said. We are informed that Harper has offered or arranged to repay the funds. This is to his credit. However, in view of our public trust, we find the accused guilty of deceit and malpractice involving moral turpitude and of violating his duties as an attorney and counselor of this court.

It Is Therefore Ordered that Wallace H. Harper be disbarred from the practice of law, that his name be stricken from the roll of attorneys, and that he is hereby precluded from practicing as an attorney in the Courts of this state.

It Is Further Ordered that a copy of Harper's statement and of the investigative report be furnished each to the District Court of the Tenth Judicial District in and for the County of Fergus, and to the County Attorney of Fergus County for their information for aid in completing this and other matters in which Mr. Harper may have appeared, and guidance in any further proceedings which may be desired or required.